IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTY ANN B., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2287-BN |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Betty Ann B. filed a *pro se* action requesting judicial review of the decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB"). Her action is before the undersigned United States magistrate judge for all proceedings under 28 U.S.C. § 636(c). *See* Dkt. No. 23

The Court granted Plaintiff leave to proceed *in forma pauperis*, *see* Dkt. No. 6, and she filed verified responses to the Court's screening questionnaire, *see* Dkt. No. 8, prompting the Court to order that her complaint be served, *see* Dkt. Nos. 9, 10, & 11.

The Commissioner answered. *See* Dkt. No. 16. Plaintiff filed a court-ordered opening brief. *See* Dkt. Nos. 21 & 26. The Commissioner responded. *See* Dkt. No. 27. But Plaintiff failed to file a reply brief, and the deadline by which to do has expired. *See* Dkt. No. 25.

For the following reasons, the hearing decision is affirmed in all respects.

## Applicable Background

Plaintiff's complaint as filed simply identified a DIB decision without explaining

a basis for why the Commissioner's decision should be reversed. *See* Dkt. 3.

To the extent that Plaintiff amended her complaint through her verified interrogatory responses, those responses [Dkt. No. 8] also do not provide a basis to reverse the Commissioner's decision – an administrative law judge's ("ALJ") decision dated October 12, 2017, later affirmed by the Appeals Council on August 21, 2018.

And, in her brief [Dkt. No. 26], Plaintiff explains her various medical conditions, *see id.* at 1, and provides a physician's letter dated April 17, 2019, explaining that she "has multiple medical conditions that prevent her from working" and that "[s]he is unable to do daily task[s] without assistance," *id.* at 2. But she again does not provide a basis for reversing the October 12, 2017 decision.

**Legal Standards and Analysis**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d

232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

The Commissioner's determination is afforded great deference. *See Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C.A. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

That Plaintiff is proceeding *pro se* in this appeal of the ALJ's decision imposes an additional layer of consideration for the Court.

As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex. 2005). More often than not, *pro se* litigants in Section 405(g) appeals invite the Court to

re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F. Supp. 2d at 753. But several universal principles factor logically into that equation.

Courts must construe *pro se* pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the undersigned follows courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* But, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process. In the instant case, the undersigned elects to examine the decision [Dkt. No. 8 at 19-28] to the same extent as the undersigned believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Elam*, 386 F. Supp. 2d at 753.

In following this approach, the undersigned will engage in three critical inquiries:

1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?

2. Were the Commissioner's critical fact findings made in compliance with applicable law?

3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

But, even affording Plaintiff the more lenient approach outlined immediately above, because the Commissioner has followed the applicable protocol, regulations, and polices; because the Commissioner's fact finding complies with applicable law; and because those findings are supported by substantial evidence, the hearing decision is affirmed in all respects.

## Conclusion

The hearing decision is affirmed in all respects, and any claim asserted against the Commissioner is dismissed.

SO ORDERED.

DATED: March 12, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE